Joshua L. Simmons
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-6460
joshua.simmons@kirkland.com

Paris Sanders (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
2049 Century Park East
Suite 3700
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
paris.sanders@kirkland.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHERYL MILLER,<br><br>     Plaintiff,<br><br>  - against -<br><br>NATE LADSON.<br><br>     Defendant. | Case No. 1:23-cv-07912<br><br>ECF Case<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

  Plaintiff Cheryl Miller ("Miller" or "Plaintiff"), by and through her attorneys, Kirkland & Ellis LLP, for her Complaint, hereby alleges against Defendant Nate Ladson ("Ladson" or "Defendant") as follows:

**NATURE OF THE ACTION**

  1. This lawsuit seeks to prevent the blatant theft of Ms. Miller's well-known photograph, titled *Sunglass Corner*. Ms. Miller is an acclaimed, self-taught photographer who

has spent over four decades creating her art. Her work centers on the economic, social, and political development of communities and neighborhoods, with a particular focus on capturing images of African Americans and their everyday experiences. Ms. Miller's photographs have been exhibited around the world, and Ms. Miller is currently the artist-in-residence at Beacon Gallery in Boston, Massachusetts.

2.  In 1980, while Ms. Miller was exploring Harlem as part of her photography practice, she came across a group of elderly African American men standing outside of a store. Ms. Miller wished to photograph the men, as they appeared in a more formal, traditional style of dress than would be expected at the time. Ms. Miller's photograph deliberately included high contrast and a grainy texture scheme to capture the group's timeless and transcendent quality evocative of a bygone era. Ms. Miller titled her photograph *Sunglass Corner*. As shown below, the photograph is a singular image:



3.  *Sunglass Corner* has since become Ms. Miller's most renowned photograph and has been exhibited widely. Ms. Miller even sells limited edition prints of the photograph to collectors, and credits the photograph with helping launch her career.

4. This case arises from Mr. Ladson's blatant copying of Ms. Miller's iconic *Sunglass Corner* photograph in the painting shown below (the "Accused Work"). Without obtaining Ms. Miller's permission, Mr. Ladson intentionally reproduced *Sunglass Corner* element-by-element, copying the subjects in the photograph, the angle and position of the subjects in the photograph, and even the photograph's black-and-white color scheme. As shown below, Ms. Miller's *Sunglass Corner* (left) and Mr. Ladson's Accused Work (right) are strikingly similar:



5. Mr. Ladson's theft first came to Ms. Miller's attention when Mr. Ladson sought to exhibit his infringing work at a gallery operated by a friend of Ms. Miller's. Since then, Ms. Miller has done everything in her power to prevent Mr. Ladson from further exploitation of her photograph. Ms. Miller contacted Mr. Ladson directly, and when that was unsuccessful, Ms. Miller's lawyers sent Mr. Ladson a cease-and-desist letter. Mr. Ladson did not respond. Ms. Miller even filed a claim with the Copyright Claims Board to adjudicate this dispute, but Mr. Ladson opted out of the proceeding.

6. As a result of Mr. Ladson's intransigence, Ms. Miller has no choice but to seek relief from this Court, including actual damages, disgorgement of any profits Mr. Ladson has obtained from the Accused Work, and the attorney's fees required for this action. Moreover,

3

Ms. Miller seeks an injunction to prevent Mr. Ladson's ongoing use of *Sunglass Corner* in the Accused Work or any other work.

## THE PARTIES

7. Plaintiff Miller is an individual domiciled in Stoughton, Massachusetts.

8. Upon information and belief, Defendant Ladson is an individual domiciled in Manhattan, New York.

## JURISDICTION AND VENUE

9. This civil action seeking damages, injunctive relief, and other equitable relief, arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*.

10. This Court has subject matter jurisdiction over Ms. Miller's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over Mr. Ladson because he is domiciled in New York; has directed his activities at the United States, and at New York in particular; conducts business and exhibits his artworks in New York; has established a continuing presence in New York; and as further alleged below, promotes and distributes the Accused Work in the State of New York.

12. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because, upon information and belief, Mr. Ladson resides in this District. Additionally, this is a judicial district in which a substantial part of the events giving rise to the claims occurred, and/or in which Ms. Miller's injury was suffered.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**I.   MS. MILLER AND THE *SUNGLASS CORNER* PHOTOGRAPH**

13. Ms. Miller is a self-taught artist who has practiced photography for over forty years. As a former City and Regional Planner, Ms. Miller's photographs focus on the economic,

social, and political development of communities, neighborhoods, and the people that make them thrive.  Ms. Miller captures images of African Americans viewed through a kaleidoscope of everyday experiences, including the rites, rituals, social norms, mores of how people live, work, play, conduct business, raise children, build families and community, create art, educate, worship, entertain, and invent.  Working primarily with natural light on film, Ms. Miller strives to capture the visual simplicity of her subjects by emphasizing the contrast between highlights and shadows.

14. Ms. Miller's photographs have been exhibited widely in galleries, museums, and permanent collections at various art institutions, including at the Brooklyn Museum, the Schomburg Center for Research in Black Culture, and the Museum of the City of New York.

15. Ms. Miller's photographs also have been published in numerous books, including *ReFraming: Reflections in Black*, *Committed to the Image: Contemporary Black Photographers*, *FREEDOM: A Photographic History of the African American Struggle*, *Reflections in Black-A History of Black Photographers 1840-Present*, *A History of New York In Images*, *Black: A Celebration of A Culture*, *Long Shot*, and *Black New York Photographers of the 20th Century*.  In addition, her photographs have been the subject of articles and reviews.

16. Ms. Miller's 1980 photograph, *Sunglass Corner*, is one of her most renowned works.  Ms. Miller took the photograph early in her career while serving as an apprentice in Jamaica, Queens.  The photograph depicts four elderly African American men posing outside an optical shop in Harlem, New York.  The men appear in formal attire, which not only is in stark contrast with the surroundings but evokes timeless and transcendent quality.  *Sunglass Corner* became Ms. Miller's most renowned piece and catalyzed Ms. Miller's signature style of

photography—the silver-gelatin black and white photograph features high contrast and a grainy texture scheme that Ms. Miller has since adopted in all of her works.

17. In creating *Sunglass Corner*, Ms. Miller made a variety of creative choices. Those choices included, without limitation, (1) the position of the camera, resulting in a straight-angle shot that puts the viewer at eye-level with the subjects; (2) the distinctive lighting, which gives the photograph its unique high contrast; and (3) the composition, which closely crops the figures in the foreground, creating for the viewer a sense of intimacy and access to the depicted social space.

18. Ms. Miller's photograph has been sold in a limited-edition series of just twenty-five prints. The prints are currently sold at a price of thousands of dollars per piece.

19. *Sunglass Corner* is not only highly creative but is of great value to Ms. Miller and her collectors. It is the product of Ms. Miller's artistic expression, talent, creativity, time, and effort. The photograph embodies a series of original, creative choices by Ms. Miller and constitutes copyrightable subject matter under the copyright laws of the United States.

20. Ms. Miller is the sole owner and proprietor of all right, title, and interest in and to the copyright in *Sunglass Corner*. The copyright in *Sunglass Corner* is presently valid and subsisting and was valid and subsisting at all times affecting the matters complained of herein.

21. Attached as **Exhibit A**, and incorporated by reference, is a copy of the Certificate of Registration issued by the Copyright Office for *Sunglass Corner*. This certificate shows the date upon which Ms. Miller applied for the Certificate of Registration, the date on which the certificate was issued, and the registration number assigned.

## II. MR. LADSON'S WILLFUL INFRINGEMENT

22. Upon information and belief, Mr. Ladson copied Ms. Miller's *Sunglass Corner* to create the Accused Work and exhibited his unauthorized reproduction of Ms. Miller's *Sunglass*

*Corner* at the West Side Arts Coalition and Georgianna's Joint in Manhattan, New York. Mr. Ladson also has displayed his unauthorized reproduction of Ms. Miller's *Sunglass Corner* on social media platforms, including Facebook.

23. Ms. Miller first learned of Mr. Ladson's unauthorized exploitation of *Sunglass Corner* on December 8, 2021, when a longtime friend of Ms. Miller's received a photograph of Mr. Ladson's painting via text message, as Mr. Ladson was submitting the painting for consideration in an upcoming exhibition in connection with the Rush Philanthropic Arts Foundation.

24. After learning of Mr. Ladson's exploitation, Ms. Miller informed Mr. Ladson of her rights in the photograph, and asked him to stop all display and distribution of the Accused Work.

25. When Mr. Ladson did not reply, Ms. Miller sought assistance from her attorneys, who sent Mr. Ladson a cease-and-desist letter.

26. After Mr. Ladson continued to ignore Ms. Miller's communications and continued to exhibit the Accused Work, Ms. Miller initiated proceedings at the Copyright Claims Board.  Mr. Ladson, however, recently opted out of the proceedings.

### III. HARM TO MS. MILLER

27. Ms. Miller has been harmed, and continues to be harmed, by Mr. Ladson's willful infringement of her copyright in *Sunglass Corner*.

28. Among other things, Mr. Ladson's infringement (1) reduces and causes substantial harm to the value of *Sunglass Corner*; and (2) wrongfully deprives Ms. Miller of revenue and profit in using her photograph for his financial benefit.  As a result, Ms. Miller has been damaged by Mr. Ladson's conduct in an amount to be determined according to proof at trial.

29. Upon information and belief, unless enjoined by this Court, Mr. Ladson intends to continue to infringe upon Ms. Miller's copyright and otherwise to profit from *Sunglass Corner*. Accordingly, Ms. Miller has suffered irreparable harm and will continue to suffer irreparable harm unless Mr. Ladson is enjoined from using and promoting his infringing painting. Ms. Miller has no adequate remedy at law to redress all of the injuries that Mr. Ladson has caused and intends to cause by his conduct. Ms. Miller will continue to suffer irreparable damage until Mr. Ladson's actions alleged above are enjoined by this Court.

## CLAIM FOR RELIEF

### COUNT I
### Copyright Infringement (17 U.S.C. § 101 *et seq.*)

30. Ms. Miller repeats and realleges each and every allegation above as if fully set forth herein.

31. *Sunglass Corner* is an original, creative work and copyrightable subject matter under the copyright laws of the United States.

32. Ms. Miller is the owner of a valid copyright in *Sunglass Corner*, and the Register of Copyrights has issued a Valid Certificate of Registration as indicated in **Exhibit A**.

33. Ms. Miller has complied in all respects with 17 U.S.C. §§ 101 *et seq.*, and has secured the exclusive rights and privileges in and to the copyright in her *Sunglass Corner* work.

34. By his actions, alleged above, Mr. Ladson has infringed and will continue to infringe Ms. Miller's copyright in and relating to *Sunglass Corner* by, *inter alia*, reproducing, distributing, displaying, and creating a derivative work based on *Sunglass Corner* without any authorization or other permission from Ms. Miller. Moreover, upon information and belief, Mr. Ladson has exhibited the Accused Work and has offered it for sale, and, by doing so, materially contributed to the infringing use of *Sunglass Corner*. Mr. Ladson has, and had, the

right and ability to stop or limit such infringing use, and he chose not to do so because he profited from the use of Ms. Miller's *Sunglass Corner*.

35. Mr. Ladson's infringement of Ms. Miller's copyright has been deliberate, willful, and in utter disregard of Ms. Miller's rights. In particular, despite being aware of Ms. Miller's rights before and during his unlawful misappropriation, Mr. Ladson chose to continue infringing her rights.

36. Upon information and belief, as a direct and proximate result of his wrongful conduct, Mr. Ladson has obtained benefits to which Mr. Ladson is not entitled.

37. As a direct and proximate result of Mr. Ladson's wrongful conduct, Ms. Miller has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Mr. Ladson will cause further irreparable injury to Ms. Miller.

38. Ms. Miller is entitled to injunctive relief enjoining Mr. Ladson and all persons acting in concert or participation with him, from engaging in any further infringement of *Sunglass Corner*.

39. Ms. Miller is further entitled to recover from Mr. Ladson the damages and attorney's fees and costs she has sustained and will sustain, and any gains, profits and advantages obtained by Mr. Ladson as a result of his of infringement as alleged above. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Ms. Miller, but will be established according to proof at trial. Ms. Miller also is entitled to recover statutory damages for Mr. Ladson's willful infringement of her copyright.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Miller respectfully requests judgment against Defendant Ladson as follows:

A. Finding that Mr. Ladson has infringed Ms. Miller's copyright in *Sunglass Corner*;

B. Finding a substantial likelihood that Mr. Ladson will continue to infringe Ms. Miller's intellectual property unless enjoined from doing so;

C. Issuing a preliminary and/or permanent injunction enjoining Mr. Ladson and his agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in concert with him from directly or indirectly infringing Ms. Miller's copyright, including, but not limited to, reproducing, distributing, creating derivative works based upon, publicly performing, or displaying the Accused Work or any other work created by Ms. Miller.

D. Ordering Mr. Ladson to render a full and complete accounting to Ms. Miller for Mr. Ladson's profits, gains, advantages, or the value of the business opportunities received from the foregoing acts of infringement;

E. Entering judgment for Ms. Miller against Mr. Ladson for all damages suffered by Ms. Miller and for any profits or gain by Mr. Ladson attributable to the infringement;

F. Entering judgment against Mr. Ladson for monetary damages to compensate Ms. Miller for the harms described above, which may include the value of the work taken, Ms. Miller's lost profits, unjust enrichment, and disgorgement of profits, as well as expenses incurred by Ms. Miller in investigating Mr. Ladson's misconduct;

G. Entering judgment for Ms. Miller against Mr. Ladson for statutory damages based upon Mr. Ladson's willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 504(c);

H. Awarding Ms. Miller costs and disbursements of this action, including reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

I. Awarding Ms. Miller pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

J. Granting such other, further, or different relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands trial by jury on all issues so triable in this action.

| | |
|---|---|
| Dated:  September 6, 2023 | */s/ Joshua L. Simmons*<br>Joshua L. Simmons<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-6460<br>joshua.simmons@kirkland.com<br><br>Paris Sanders (*pro hac vice* forthcoming)<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East<br>Suite 3700<br>Los Angeles, CA 90067<br>Telephone:  (310) 552-4200<br>Facsimile:  (310) 552-5900<br>paris.sanders@kirkland.com<br><br>*Attorneys for Plaintiff* |